**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

In re

**THE ANDERSEN FIRM, P.C.**                     Case No.:  2:22-bk-50900-SHB

    **Debtor**                                      Chapter 7


**DOUGLAS L. PAYNE, TRUSTEE**

    **Plaintiff**

v.                                              Adv. Pro. No. _____

**UNITED STATES OF AMERICA**

    **Defendant**

## COMPLAINT

Douglas L. Payne, Trustee ("Plaintiff'), through counsel, and pursuant to 11 U.S.C. § 505 and 26 U.S.C. § 7422, submits this Complaint against the United States of America ("Defendant"), seeking a refund of employee retention credits to which the Debtor is entitled, interest pursuant to 26 U.S.C. § 6611, and reasonable costs and attorneys' fees pursuant to 26 U.S.C. § 7430.   The Debtor's refundable employee retention credits for the employment tax quarters at issue are:

| Quarter Ended | Amount Claimed |
|---|---|
| June 30, 2020 | $ 35,211.54 |
| September 30, 2020 | 19,570.70 |
| June 30, 2021 | 6,040.45 |
| September 30, 2021 | 61,063.23 |
| Total | 121,885.92 |

## JURISDICTION AND VENUE

1. This is an adversary proceeding brought pursuant to Fed. R.Bankr. P. 7001.

2. This Court has jurisdiction over this matter pursuant to 28 U.S. C. §§ 1334 and 157.

3. This is a core proceeding under the provisions of 28 U.S.C. §157(b)(2)(A).

4. Venue for this matter is proper pursuant to 28 U.S.C. § 1409.

5. The Defendant is the United States of America.

6. This is an action arising under 11 U.S.C. § 505(b) for the refund of federal income taxes and related interest due to Plaintiff. Plaintiff meets all jurisdictional prerequisites required under 26 U.S.C. §§ 7422 and 6532.

7. Plaintiff has complied with the requirements of 26 U.S.C. §§ 7422 and 6532 by timely filing a claim for refund via Form 941-X (Adjusted Employer's Quarterly Federal Tax Return or Claim for Refund) for the periods at issue.

8. Plaintiff filed its claims within the two years of payment as specified in 26 U.S.C. §§ 6511 and 6532.

9. More than six months have elapsed since Plaintiff timely filed its claims and he has not been notified by the Internal Revenue Service ("IRS") that his claims were allowed.

10. Therefore, Plaintiff satisfied the requirements of 26 U.S.C. §§ 6532 and 7422 and jurisdiction.

## BACKGROUND

11. On or about March 27, 2020, in response to the COVID-19 pandemic, Congress passed the Coronavirus Aid Relief and Economic Security Act ("the CARES Act"). Section 2301 of the CARES Act created an employee retention credit ("ERC") for eligible wages paid

between March 12, 2020, and December 31, 2020. The credit provided 50% of up to $10,000.00 of qualified wages per employee.

12. The credit was available if a business had an initial 50% or more reduction in gross receipts against the same quarter from 2019 and maintained a 20% or more reduction in subsequent quarters.

13. On or about December 27, 2020, Congress passed the Consolidated Appropriations Act ("CAA"). The CAA extended eligibility for the ERC through June 30, 2021. Moreover, the ERC became worth 70% of up to $10,000 of qualified wages per employee per quarter instead of annually.

14. On or about March 11, 2021, Congress passed the American Rescue Plan Act ("ARPA"). The ARPA extended the ERC through December 31, 2021.

15. Claiming an ERC is done through the filing of IRS Forms 941-X, Adjusted Employer's Quarterly Federal Tax Return or Claim for Refund if not previously claimed on an originally filed IRS Form 941. Because the Debtor failed to claim the ERC on the original employment tax returns the Trustee filed Adjusted Returns.

## COUNT ONE - CLAIM FOR REFUND

16. At all relevant times, Debtor was a professional corporation organized under Tennessee statute with its principal place of business in Bristol, Tennessee. Debtor was a law firm that provided legal services to its clients. It also had locations in the states of Florida and New York.

17. From the beginning of 2019 through the end of 2021, Plaintiff paid qualified wages to its employees.

18. The Debtor first qualified for the ERC in the quarter ended on March 31, 2020

because its gross receipts in that quarter were less than 50% of the gross receipts of the first quarter of 2019. That qualification continued until the first quarter after the quarter in which the Debtor's gross receipts exceeded 80% of the same quarter in the prior year.

19. Because the Debtor's gross receipts for each of the tax quarters ended June 30, 2020 through September 30, 2021 was less than 80% of the gross receipts for the same quarter in the previous year, it continued to qualify for the ERC through September 30, 2021

20. The Debtor was therefore an eligible employer under all applicable statutory provisions including the Internal Revenue Code and the Cares Act, as amended by ARPA.

21. The Debtor maintained adequate and accurate documentation to support the determination of gross receipts for the employment quarters at issue.

22. Before June 23, 2023, Plaintiff paid all amounts due for the employment tax quarter ending June 30, 2020. In total, Plaintiff paid $61.224.26 in employment tax to the IRS for the employment tax quarter ending June 30, 2020.

23. Before June 23, 2023, Plaintiff paid all amounts due for the employment tax quarter ending September 30, 2020. In total, Plaintiff paid $37,321.56 in employment tax to the IRS for the employment tax quarter ending September 30, 2020.

24. Before June 23, 2023, Plaintiff paid all amounts due for the employment tax quarter ending June 30, 2021. In total, Plaintiff 58,845.73 employment tax to the IRS for the employment tax quarter ending June 30, 2021.

25. Before June 23, 2023, Plaintiff paid all amounts due for the employment tax quarter ending September 30, 2021. In total, the Debtor paid $65,447.78 in employment tax to the IRS for the employment tax quarter ending September 30, 2021.

26. On or about June 23, 2023, the Plaintiff, on behalf of the Debtor, submitted ERC claims in the form of IRS Form 941X along with a Request For Prompt Determination seeking refunds for the following tax quarters in the amounts shown

| Quarter Ended | Amount Claimed | Amount Received[1] | Demand |
|---|---|---|---|
| June 30, 2020 | $ 35,211.54 | $     0.00 | $ 35,211.54 |
| September 30, 2020 | 19,570.70 | 0.00 | 19,570.70 |
| December 31, 2020 | 7,139.68 | 8,433.87 | 0.00 |
| March 31, 2021 | 56,982.85 | 63,959.34 | 0.00 |
| June 30, 2021 | 6,040.45 | 0.00 | 6,040.45 |
| September 30, 2021 | 61,063.23 | 0.00 | 61,063.23 |
| **Totals** | $186,008.45 | $72,393.21 | $121,885.92 |

27. After receiving no response from the IRS, the Plaintiff filed Requests For Prompt Determination along with the Forms 941X on or about June 3, 2024.

28. Plaintiff filed its claims for refund within three years of the original returns as specified in 26 U.S.C. § 6511.

29. Plaintiff's suit under 26 U.S.C. § 7422(a) is filed in accordance with 26 U.S.C. § 6532(a)(1) because more than six months have elapsed since the filing of Plaintiffs Form 941-X claim for refund with the IRS.

30. On or about October 21, 2024, Plaintiff received a letter from the IRS acknowledging an overpayment for the quarter ended June 30, 2020. However, the acknowledgement was for an incorrect amount, $22,042.56 rather than $35,211.54. However, no refund was ever received by the Plaintiff in any amount.

31. On or about September 9, 2024, Plaintiff received a letter from the IRS regarding his ERC claim for the quarter ended September 30, 2020, informing him that the Service had no record that he was an authorized signor for the Debtor. Despite a September 10, 2024 written

---

[1] The amount received exceeds the amount claimed due to the payment of interest on the claim.

5

explanation by the accountant for the bankruptcy estate as to the authority of the Plaintiff as a bankruptcy trustee, no further response has been received from the IRS.

32. The Plaintiff has received full refunds with interest for the quarters ended December 31, 2020 and March 31, 2021.

33. As of March 18, 2025, the date of the filing of this complaint, Plaintiff has received no response to his ERC claims in his Requests For Prompt Determination or his Request For Prompt Refund for the quarters ended June 30, 2021 and September 30, 2021.

34. The IRS has failed to fulfill its duty by holding the funds related to Plaintiffs ERC claims without justification.

35. Accordingly, the bankruptcy estate is due refunds of its ERC for federal employment tax for the quarters ending June 30, 2020, September 30, 2020, June 30, 2021, and September 30, 2021 in the total amount of $121,885.92. The estate is the sole owner of the claim for refund, and has made no assignment of its claim.

## COUNT TWO - CLAIM FOR INTEREST

36. As of the date of this filing, Plaintiff has not received the requested refunds or sufficient explanation for nonpayment from the IRS regarding the processing and or payment of its ERC claims for the quarters ended June 30, 2020, September 30, 2020, June 30, 2021, and September 30, 2021.

37. Pursuant to 26 U.S.C. § 6611, interest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at the overpayment rate established under section 6621. Moreover, pursuant to 26 U.S.C. § 6611(b), such interest shall be allowed and paid, in the case of a refund, from the date of the overpayment to a date (to be determined by the Secretary) preceding the date of the refund check by not more than 30 days.

38. Plaintiff filed its ERC claims for the employer periods ending June 30, 2020, September 30, 2020, June 30, 2021, and September 30, 2021, on or about June 23, 2023. As of the date of this filing, Plaintiff has not received its ERC claims for the employer period ending June 30, 2020, September 30, 2020, June 30, 2021, and September 30, 2021, nor has it received any correspondence with sufficient explanation regarding why said payment has not been made.

39. Accordingly, the bankruptcy estate is entitled to interest for its ERC claim for the employer periods June 30, 2020, September 30, 2020, June 30, 2021, and September 30, 2021, until the date payment is made.

## **COUNT THREE- CLAIM FOR ATTORNEYS' FEES**

40. As of the date of this filing, Plaintiff has not received any correspondence from the Service with sufficient explanation regarding the processing and or payment of its ERC claims for the employer periods ending June 30, 2020, September 30, 2020, June 30, 2021, and September 30, 2021.

41. Pursuant to 26 U.S.C. § 7430, in any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for reasonable administrative costs incurred in connection with such administrative proceeding within the IRS, and reasonable litigation costs incurred in connection with such court proceeding.

42. On or about March 18, 2025, Plaintiff filed this complaint against the United States, in connection with a request for a refund.

43. Accordingly, Plaintiff requests an award of costs and attorneys' fees as incurred as a result of the administrative and litigation-based representation as required to facilitate a

resolution to this claim for refund.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

1. Entry of judgment for Plaintiff in the amount of $121,885.92.

2. Entry of judgment for Plaintiff for interest that is unpaid by the United States.

3. Entry of judgment for Plaintiff for reasonable attorneys' fees including but not limited to litigation and administrative costs.

4. Such other relief to which Plaintiff is entitled to at law or in equity.

Respectfully submitted,

s/ Edward J. Shultz
Edward J. Shultz (014665)
Attorney for the Trustee
Tarpy, Cox, Fleishman & Leveille, PLLC
1111 N. Northshore Drive, Suite N-290
Knoxville, TN  37919
(865) 588-1096
eshultz@tcflattorneys.com